UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEPHANIE LOCHNER,**

  Plaintiff,

v.                                                    **No. 4:25-cv-00506-P**

**TRUIST BANK,**

  Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 15. Having considered the briefing and evidence of record, the Court **GRANTS** the Motion.

## BACKGROUND

Just one week before a scheduled May 6, 2025, foreclosure sale, Plaintiff Stephanie Lochner sued Defendant Truist Bank ("Truist") in Texas state court seeking to recover on claims for statutory fraud in a real estate transaction. ECF No. 16 at 7. Plaintiff also sought a declaratory judgment on related grounds, an injunction[1] to prevent Truist Bank from foreclosing Lochner's property, and damages. ECF No. 16 at 7. Plaintiff's claims relate to an incorrect loan being paid and the subsequent events related to Plaintiff's 116 Hudson Lane, Aledo, Texas 76008 property ("Aledo Property"). ECF No. 1-6.

Plaintiff purchased Aledo Property on or around February 15, 2017. ECF No. 1-6 at 3. In May 2017, Plaintiff executed a Deed of Trust for the benefit of JG Wentworth Home Lending, LLC ("JG Wentworth") and Mortgage Electronic Registration System, Inc. ("MERS). ECF No. 1-6 at 3. JG Wentworth and MERS loaned Plaintiff money through Loan No.

---

[1] The Court will not address injunctive relief because Truist cancelled the foreclosure sale of the Aledo Property, thereby rendering any request for a temporary injunction moot. *See* ECF No. 1 at 5.

631045309 ("loan A") to complete Plaintiff's purchase of Aledo Property. ECF No. 1-6 at 3. Truist purchased loan A and took over as the loan service provider for Plaintiff's mortgage on Aledo Property. ECF No. 1-6 at 4.

Lochner inherited the property located at 1143 Kings Highway, Dallas, Texas 75028 ("Dallas Property"). ECF No. 17 at 56. On July 31, 2024, the "Home Buying Guys" purchased the Dallas Property. ECF No. 25 at 8. On the Seller Information Sheet for the Dallas Property transaction, Lochner listed loan A, the Aledo Property loan, under the "loan number" section. ECF No. 17 at 58. The rest of the information described the Dallas Property. ECF No. 17 at 58.

On August 12, 2024, Truist filed a Release of Lien for loan A because of the Seller Information Sheet. ECF No. 1-6 at 4. Then, on September 18, 2024, Truist filed a Recission for Release of Lien and Reinstatement for loan A. ECF No. 1-6 at 4. Lochner alleges Truist terminated her online account access, preventing her from being able to make payments. ECF No. 1-6 at 5. Subsequently, in October 2024, Truist sent Lochner a delinquency notice informing her that she was delinquent in payments on loan A. ECF No. 1-6 at 5. After receiving no further payments, Truist scheduled a foreclosure sale for the Aledo Property on May 6, 2025. ECF No. 16 at 11.

Truist removed the case to this court. ECF No. 1. On March 4, 2026, Truist filed the instant Motion for Summary Judgment. ECF No. 15. It maintains that Plaintiff cannot recover for statutory fraud in a real estate transaction because Tex. Bus. & Com. Code Ann. § 27.01 is inapplicable to a loan transaction between a mortgagor and mortgagee. ECF No. 16 at 9–10. Defendant's Motion also asserts that Plaintiff's claims for declaratory judgment and damages fail absent a substantive cause of action as a matter of law. ECF No. 16 at 14–15. The Motion is ripe for review.

## LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" if it would affect a case's outcome. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In assessing whether summary judgment is appropriate, the Court views evidence in the light most favorable to the nonmovant. *Cunningham v. Circle 8 Crane Servs., LLC*, 64 F.4th 597, 600 (5th Cir. 2023). The Court may rely on any evidence of record but need only consider those materials cited by the parties. Fed. R. Civ. P. 56(c)(1)–(3); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). But the Court need not mine the record for evidence supporting the nonmovant; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

### A. Lochner's statutory fraud in a real estate transaction claim fails because a mortgagor-mortgagee relationship does not involve the sale or transfer of real estate.

Statutory fraud in a transaction involving real estate consists of (1) a false representation of a past or existing material fact; (2) made to a person for the purpose of inducing that person to enter a contract; and (3) relied on by that person in entering that contract. Tex. Bus. & Com. Code Ann. § 27.01(a). Section 27.01 only applies to misrepresentations of material fact made to induce another to enter a contract for the sale of land or stock. *Cao v. BSI Fin. Servs.*, No. H-17-321, 2017 U.S. Dist. LEXIS 184340, at *20 (S.D. Tex. Oct. 19, 2017) (citation omitted). It is well established that a cause of action for statutory fraud does not arise

from a transaction between a mortgagor and a mortgagee because such a transaction does not involve the sale or transfer of real estate from one party to another. *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 856 (N.D. Tex. 2006) (citation omitted).

There is no dispute in the summary judgment record that the only relationship between the Plaintiff and Defendant was that of mortgagor and mortgagee. ECF No. 16 at 14; ECF No. 25 at 8. Plaintiff miswrote the loan number on the Seller Information Sheet for the Dallas Property and, in response, Defendant released the lien for loan A. When Defendant corrected the mistake, Defendant filed a Recission for Release of Lien and Reinstatement for loan A. Plaintiff knew about these proceedings because she informed Defendant of her error, yet Plaintiff did not make additional payments on loan A. Plaintiff alleges statutory fraud in a real estate transaction due to these events, but does not establish a genuine dispute of material fact regarding Defendant's factual allegations surrounding the foreclosure or their relationship. Since statutory fraud in a real estate transaction cannot succeed in a mortgagor-mortgagee relationship, Plaintiff's claim fails.

As a result, the Court need not consider the remaining elements of § 27.01(a) because the Court finds that Lochner cannot succeed with a statutory fraud claim here since the claim arises from a transaction between a mortgagor and a mortgagee. Examining the summary judgment record, the dispute over loan A does not involve the sale or transfer of real estate from one party to another. Rather, loan A merely provided funds for the purchase of real estate. Accordingly, Plaintiff fails to meet an essential element of her substantive claim and summary judgment is appropriate.

### B. Lochner's declaratory judgment claim fails due to the lack of a valid substantive cause of action.

Declaratory judgment is a form of relief that depends on the success of underlying claims. *Morton v. Lakeview Loan Servicing, LLC*, No. 4:24-cv-1107-P, 2025 U.S. Dist. LEXIS 209057, at *6 (N.D. Tex. Oct. 2, 2025) (citing *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170–71 (5th Cir. 1990)). As a procedural

device that does not create any substantive rights or causes of action, a court cannot grant declaratory relief when there is no valid underlying claim. *Bwondara v. Tarrant Cnty.*, No. 4:25-cv-00813-O-BP, 2025 U.S. Dist. LEXIS 221867, at *30 (N.D. Tex. Oct. 17, 2025).

Here, Lochner's only substantive claim is for statutory fraud in a real estate transaction. Because this claim fails, declaratory judgment is not a possible form of relief. Accordingly, summary judgment is warranted for Lochner's declaratory judgment claim.

### C. Lochner's damages, attorney's fees, and costs claims fail due to the lack of a valid substantive cause of action.

Under Texas law, claims for damages and attorney's fees require an underlying cause of action. *Wildy v. Wells Fargo Bank, N.A.*, No. 3:13-CV-01831-BF, 2013 U.S. Dist. LEXIS 9361, at *19 (N.D. Tex. Jan. 21, 2013) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)).

Lochner failed to state any valid cause of action against Truist since Lochner's substantive claim for statutory fraud fails. Therefore, Lochner is not entitled to damages, attorney's fees, or costs, and summary judgment is appropriate.

## CONCLUSION

For the above reasons, the Court concludes that Summary Judgment should be and hereby is **GRANTED.** Accordingly, Lochner's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **22nd day of June 2026.**

_Mark T. Pittman_

Mark T. Pittman
UNITED STATES DISTRICT JUDGE